```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

WHITECAP INVESTMENT CORP. d/b/a/      )
PARADISE LUMBER,                      )
                                      )
            Plaintiff,                )
                                      )
            v.                        )    Civil No. 2010-139
                                      )
PUTNAM LUMBER & EXPORT COMPANY; PUTNAM)
FAMILY PROPERTIES, INC.; GREAT        )
SOUTHERN WOOD PRESERVING, INC.; MIKE  )
NOBLE; XYZ CORP.; JOHN DOE; and JANE  )
DOE,                                  )
                                      )
            Defendants,               )
                                      )
            and                       )
                                      )
GARY CHAPIN                           )
                                      )
            Intervenor-defendant.     )
                                      )
                                      )
PUTNAM FAMILY PROPERTIES, INC.,       )
                                      )
            Cross-claimant,           )
                                      )
            v.                        )
                                      )
GREAT SOUTHERN WOOD PRESERVING, INC., )
                                      )
            Cross-claim defendant.    )
                                      )
                                      )
PUTNAM LUMBER & EXPORT COMPANY,       )
                                      )
            Cross-claimant,           )
                                      )
            v.                        )
                                      )
GREAT SOUTHERN WOOD PRESERVING, INC., )
                                      )
            Cross-claim defendant.    )
                                      )
```

```
MIKE NOBLE,                                    )
                                               )
           Cross-claimant,                     )
                                               )
     v.                                        )
                                               )
GREAT SOUTHERN WOOD PRESERVING, INC.,          )
                                               )
           Cross-claim defendant.              )
                                               )
_____)
                                               )
PUTNAM FAMILY PROPERTIES, INC.,                )
                                               )
           Counterclaimant,                    )
                                               )
     v.                                        )
                                               )
WHITECAP INVESTMENT CORP. d/b/a                )
PARADISE LUMBER,                               )
                                               )
           Counterclaim defendant.             )
                                               )
_____)
```

**ATTORNEYS:**

**Alex Moskowitz, Esq.**
Dudley, Topper & Feuerzeig
**Christopher A. Kroblin, Esq.**
**Shari N. D'Andrade, Esq.**
**Erika A. Kellerhals, Esq.**
Kellerhaals Ferguson Fletcher Kroblin LLP
St. Thomas, VI
    *For the plaintiff/counterclaim defendant Whitecap*
    *Investment Corp. d/b/a Paradise Lumber,*

**Lisa M. Komives, Esq.**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson, Esq.**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
    *For the defendants/cross-claimaints Putnam Lumber & Export*
    *Co. and Mike Noble; and for the defendant/cross-*
    *claimant/counterclaimant Putnam Family Properties, Inc,*

*Whitecap Investment Corp. v. Putnam Lumber & Export Co.*
Civil No. 2010-139
Memorandum Opinion
Page 3

**Daryl C. Barnes, Esq.**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**Stewart Andrew Kelly, Esq.**
Lightfoot, Franklin & White, LLC
Birmingham, AL
    *For the defendant/cross-claim defendant Great Southern Wood
    Preserving, Inc.*,

**Terri L. Griffiths, Esq.**
Terri Griffiths, Attorney at Law
Carbonadale, IL
    *For the intervenor-defendant Gary Chapin*.

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge. The Magistrate recommends that the motion of the defendant/cross-claim defendant Great Southern Wood Preserving ("GSWP") to dismiss the complaint in this matter for failure to state a claim be granted in part and denied in part. The plaintiff/counterclaim defendant Whitecap Investment Corporation, doing business as Paradise Lumber ("Paradise Lumber") has submitted timely objections to the Report and Recommendation.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are set forth more fully in the Magistrate Judge's Report and Recommendation, with which the parties are presumed to be familiar.

This action arises from the sale of lumber that allegedly decayed and rotted prematurely. Paradise Lumber claims that this was brought about by GSWP's failure to properly treat the lumber in question so as to prevent such rotting or decay.

Paradise Lumber initiated this action on December 29, 2010. Its Complaint sets forth eight counts. Count One asserts a claim of breach of contract. Count Two asserts a claim for breach of warranty. Count Three asserts a claim for negligence. Count Four asserts a claim for strict liability. Count Five asserts a claim for indemnity. Count Six asserts a claim for contribution. Count Seven asserts a claim for fraudulent inducement and misrepresentation. Count Eight asserts a claim for civil conspiracy. GSWP is named as a defendant in all counts, with the exception of Count One.

GSWP now moves to dismiss all counts asserted against it on the ground that they fail to state a claim for which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Magistrate Judge recommends that GSWP's motion be denied with respect to Count Two, and granted with respect to Counts Three through Eight. Paradise Lumber objects to the Magistrate Judge's recommendation with respect to Counts Three through Six.

## II.  DISCUSSION

### A. Report and Recommendation

While a magistrate judge may conduct hearings on dispositive matters, proposed findings of fact and recommended conclusions of law must be submitted to a district judge for disposition. 28 U.S.C. § 636(b)(1)(B). Under such circumstances, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made [and] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [magistrate judge]." 28 U.S.C. § 636(b)(1)(C).

### B. Failure to State a Claim

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires "only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation and internal quotation marks omitted).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts

" 'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[1]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679); *see also Great W. Mining & Min. Co. v. Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010.).

### III. Analysis

#### A. Economic-Loss Doctrine

Paradise Lumber objects to the Magistrate's recommendation that Counts Three through Six be dismissed as barred by the operation of the economic-loss doctrine.

---

[1] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

Virgin Islands courts have recognized the so-called "economic-loss doctrine." *See, e.g.*, *Ringo v. Southland Gaming of the U.S.V.I., Inc.*, No. ST-10-CV-116 (MCD), 2010 WL 7746074, at *6 (V.I. Super. Ct. Sept. 22, 2010); *Addie v. Kjaer*, 51 V.I. 507, 515 n.5 (D.V.I. 2009); *Davis v. Ragster*, 49 V.I. 932, 944 (D.V.I. 2008).[2] " 'The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." ' " *Ringo v. Southland Gaming of the U.S.V.I., Inc.*, No. ST-10-CV-116 (MCD), 2010 WL 7746074, at *6 (V.I. Super. Ct. Sept. 22, 2010) (quoting *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995))).

### 1.  **Contractual Privity**

Courts are divided on the question of whether an express contractual relationship must exist between the plaintiff and the defendant in order for the economic-loss doctrine to apply. Virgin Islands courts have yet to address this issue. After

---

[2] The Court also notes that proposed drafts of the Third Restatement of Torts also recognize the economic-loss doctrine. *See* RESTATEMENT (THIRD) OF TORTS: LIAB. FOR ECON. HARM § 1(a) (Tentative Drafts) (2012) ("An actor has no general duty to avoid the unintentional infliction of economic loss on another"). In the Virgin Islands, "[t]he rules of the common law, as expressed in the restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands . . . in the absence of local laws to the contrary." V.I. CODE ANN., tit. 1, § 4. Although this restatement provision has yet to be formally adopted, this Court predicts that Virgin Islands courts would treat it as persuasive authority. Accordingly, the Court will do the same.

conducting an extensive review of the decisions of other courts, the Magistrate predicted that the Supreme Court of the Virgin Islands would hold that contractual privity is not a prerequisite to the operation of the economic-loss doctrine. In so concluding, the Magistrate relied on the rationale of the Supreme Court of Wisconsin:

> Application of the economic loss doctrine to tort actions between commercial parties is generally based on three policies, none of which is affected by the absence of privity between the parties: (1) to maintain the fundamental distinction between tort law and contract law; (2) to protect commercial parties' freedom to allocate economic risk by contract; and (3) to encourage the party best situated to assess the risk [of] economic loss, the commercial purchaser, to assume, allocate, or insure against that risk.

*Daanen & Janssen, Inc. v. Cedarapids, Inc.*, 573 N.W.2d 842, 846 (Wisc. 1998).

Paradise Lumber objects to the Magistrate's proposed conclusion on this issue. It argues that, in the absence of privity of contract, the policy goals of the economic-loss doctrine are not advanced. To begin, the Court notes that the allegations in this case make it clear that Paradise Lumber was a "commercial purchaser," and thus better situated than individual homeowners "to assess the risk [of] economic loss" and take appropriate action. *Id.*

Moreover, the Court notes that Paradise Lumber asserts claims for breaches of various express and implied warranties. Under Virgin Islands law, warranties relating to the sale of goods extend to "any person who may reasonably be expected to use, consume, or be affected by the goods . . . ." V.I. CODE ANN. tit. 11A, § 2-318. The Court thus finds no reason to diverge from the Magistrate's prediction that the Virgin Islands Supreme Court would not make privity of contract a prerequisite to the application of the economic-loss doctrine.

**2. Other Property**

As noted above, the economic-loss doctrine bars plaintiffs from recovering damages in tort which they may be entitled to through a contract claim. In the manufacturing context, courts have held that the economic-loss doctrine eliminates any duty of the manufacturer "under either a negligence or strict products-liability theory to prevent a product from injuring itself." *Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 118 (3d Cir. 1987) (quoting *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871 (1986)). That is, a plaintiff proceeding on a tort claim for product defect may not recover the "loss of value or use of the product itself, cost to repair or replace the product, or the lost profits resulting from the loss o[f] use of the product." *Potomac Plaza Terraces v. QSC Prods.*, 868

F. Supp. 346, 354 (D.D.C. 1994). Instead, a plaintiff can only recover in tort for personal injury or damage to "other property." *See Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875, 877 (1977) (holding that when a defective product causes damage to "other property," the economic-loss doctrine does not bar recovery in tort for the damage to that property); *East River*, 476 U.S. at 870 (holding that economic-loss doctrine barred recovery in tort only when "no person or other property is damaged," such that "the resulting loss is purely economic."); RESTATEMENT (THIRD) OF TORTS: LIAB. FOR ECON. HARM § 2 (Tentative Draft) (2012) (limiting scope of economic-loss doctrine to barring claims for pecuniary loss "not arising from injury to the plaintiff's person or from physical harm to the plaintiff's property")

In this case, Paradise Lumber alleges that as a result of the defective lumber, "structures built with the defective wood," including "home construction and decking" were damaged. (Compl. ¶¶ 26, 33.) The operative inquiry is thus whether these allegations show that property other than the lumber itself was damaged.

The Supreme Court has defined "other property" in the following way:

> When a manufacturer places an item in the stream of commerce by selling it to an

> Initial User, that item is the product
> itself . . . . Items added to the product by
> the Initial User are therefore "other
> property," and the Initial User's sale of
> the product to a Subsequent User does not
> change these characterizations.

*East River*, 476 U.S. at 879. The Third Restatement of Torts follows this distinction, by providing that in products-liability actions, plaintiffs are limited to recovering loss "caused by harm to (a) the plaintiff's person; (b) the person of another . . . ; or (c) the plaintiff's property other than the defective product itself." RESTATEMENT (THIRD) OF TORTS: PROD. LIAB. § 21 (2012).

The Magistrate Judge found that Paradise Lumber had not alleged damage to "other property." Specifically, the Magistrate noted that Paradise Lumber did not allege damage to any other property that it owned. *See id.* (permitting recovery for personal injury, injury to a third party, or damage to "the *plaintiff's* property"); *see also Gannett v. Pettegrow*, No. Civ. 03-CV-228-B-W (MJK), 2005 WL 217036, at *7 (D. Me. Jan. 28, 2005) (finding economic-loss doctrine barred plaintiffs' tort claims where they had any claim to the "other property" that was allegedly damaged).

It is a "traditional principle that a party may only assert a claim for its own injuries." *Naporano Iron & Metal Co v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 504 (D.N.J. 1999). Thus, a

party may not use "the property of another . . . as a basis for an exception to the economic-loss doctrine." *Id.; see also Airport Rent-A-Car, Inc. v. Prevost Car, Inc.*, 18 F.3d 1555, 1556 (11th Cir. 1994) (affirming district court decision barring tort claims under economic-loss doctrine because the plaintiff "did not assert an ownership interest in" the other property allegedly damaged); *In re Starlink Corn Prods. Liab. Litig.*, 212 F. Supp. 2d 828, 841 (N.D. Ill. 2002) ("[P]laintiffs cannot rely on harm to property belonging to other people to show a non-economic injury. They must have an ownership interest in the property.").

Paradise Lumber raises several objections to the Magistrate Judge's proposed conclusion on this issue. First, it argues that it is entitled to assert the claims of its customers because "the structures built with the defective wood pose a safety hazard, the defective wood has endangered the customers' use of their homes and has compromised the integrity of the structures built with the improperly treated wood." (Paradise Lumber's Objections to Report & Recommendation 8). Of course, given the procedural posture, the Court is obliged to accept all of Paradise Lumber's allegations as true, and its allegations of the harm sustained by its customers are undoubtedly serious. However, the seriousness of the damage sustained is ultimately

beside the point. The focus of the Court's inquiry, rather, is whether Paradise Lumber has alleged damage to other property that belongs to it. By its own admission, however, Paradise Lumber claims only damage to other property owned by third parties--namely, its customers. (*See* Paradise Lumber's Objections to Report & Recommendation 8.)

Paradise Lumber also argues that dismissal of its claims at this stage is premature because GSWP still denies that it is liable for any breach of warranty. If there is no contractual liability, Paradise Lumber claims, the economic-loss doctrine would not apply. Paradise Lumber thus urges this Court to wait until such time as a final determination on its breach of warranty claim is made to decide whether the economic-loss doctrine applies.

To begin, the Court notes that courts have applied the economic-loss doctrine at the motion-to-dismiss stage even when the allegations concerning the alleged contract or warranty were disputed. *See, e.g.*, *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 178 (3d Cir. 2008) (affirming district court's dismissal of tort claim at 12(b)(6) stage through application of economic-loss doctrine); *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 928 (6th Cir. 2003) (same); *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 674 (3d Cir.

2002) (affirming court's dismissal of tort claims due to operation of economic-loss doctrine at judgment-on-the-pleadings stage).

Further, Paradise Lumber's complaint alleges that the only other property damaged by the allegedly defective lumber belonged not to it, but to its customers. As discussed above, this renders its tort claims barred by the operation of the economic-loss doctrine. *See* RESTATEMENT (THIRD) OF TORTS: PROD. LIABILITY § 21 (2012) (providing that "other property" exception applies only to "the plaintiff's property"); *Naporano Iron & Metal*, 79 F. Supp. 2d at 504; *Airport Rent-A-Car*, 18 F.3d at 1556; *Starlink Corn Prods.*, 212 F. Supp. 2d at 841 (N.D. Ill. 2002). Assuming these allegations are true, there is simply no manner in which subsequent proceedings might show the economic-loss doctrine to be inapplicable.[3] Accordingly, the Court will adopt the recommendations of the Magistrate Judge with respect to Counts Three and Four.

---

[3] To the extent that Paradise Lumber suggests that subsequently obtained evidence would show that other property belonging to it was in fact damaged, such evidence could not at this time be properly considered by the Court. Instead, the Court's inquiry is limited to the four corners of the complaint. *See Alston*, 363 F.3d at 233. The Court expresses no opinion as to whether the discovery of such evidence may be a basis for amendment of the complaint pursuant to Federal Rule of Civil Procedure 15(b).

### 3. Indemnification

Paradise Lumber also objects to the Magistrate's recommendation that its claim for indemnification, as alleged in Count Five of the Complaint, is barred by the economic-loss doctrine.

There are three elements to a claim for indemnification. First, a plaintiff must show that it and another person or persons "are or may be liable for the same harm . . . ." RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIAB. § 22(a) (2000). Second, a plaintiff must show that it "discharge[d] [its] liability . . . in whole or in part by settlement or discharge of judgment . . . ." *Id.* Third, the plaintiff must show either that (a) "the indemnitor has agreed by contract to indemnify the indemnitee" or (b) "the indemnitee (i) was not liable except vicariously for the tort of the indemnitor, or (ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable." *Id.* at § 22(a)(1)-(2).

Courts have held that while the economic-loss doctrine generally bars claims for indemnity, it is not applicable where there is a "special relationship" between the parties, such as that of "wholesaler/retailer." *Cooper Power Sys., Inc. v. Union Carbide Chems. & Plastics Co., Inc.*, 123 F.3d 675, 684 (7th Cir.

1997); *Yemen v. Goodpasture, Inc.*, 782 F.2d 346, 351 (2d Cir. 1986) (holding that there is a tort-based right to indemnification "when there is a great disparity in the fault of the two tortfeasors, and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other.")

Moreover, it appears that the Third Restatement contemplates precisely the situation alleged here, by authorizing indemnification where "the indemnitee . . . was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable." RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIAB. § 22(a)(2)(ii) (2000).

The Court is thus not convinced that, at this juncture, the economic-loss doctrine bars Paradise Lumber's claim for indemnification. The Court must thus assess whether Paradise Lumber's allegations are legally sufficient to make out such a claim.

In Count Five, Paradise Lumber alleges that GSWP "treated and sold defective wood products to [Paradise Lumber], which Plaintiff in turn sold to its customers." (Compl. ¶ 70.) Paradise Lumber further alleges that it has "settle[d] . . . customer claims . . . ." (Compl. ¶ 72.) Lastly, it alleges that GSWP is "responsible" for the defects in the

lumber. (Compl. ¶ 73.) These allegations thus claim that Paradise Lumber and GSWP are jointly liable for a harm. They further claim that Paradise Lumber has discharged its obligation for this harm. Finally, Paradise Lumber states that it is not independently culpable for the harm, but is liable only as an intermediate retailer. Taken as a whole, these allegations are sufficient to make out a claim for indemnification. Accordingly, the Court will reject the Magistrate Judge's recommendation that Count Five be dismissed.

### 4. Contribution

Paradise Lumber also objects to the Magistrate's conclusion that its claim for contribution, as alleged in Count Six of the Complaint, should be barred by the economic-loss doctrine.

There are two elements to a claim for contribution. First, a plaintiff must show that it and some other person or persons "are or may be liable for the same harm . . . ." RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT LIAB. § 23 (2000). Second, a plaintiff must show that it has "discharge[d] [its] liability . . . by settlement or discharge of judgment, . . . .". *Id.*[4]

---

[4] By their elements, the torts of indemnity and contribution may seem redundant. Where the two differ is in the recovery they permit. Under a theory of indemnification, an indemnitee is entitled to recover the entire amount it paid out to discharge its liability. *See* RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIAB. § 22(a) (2000). By contrast, a plaintiff proceeding under a theory of contribution is entitled to "recover no more than the amount

Virgin Islands courts have yet to address whether a claim for contribution would be barred by the economic-loss doctrine. Significantly, however, the Restatement speaks generally in terms of liability for "a harm," without specifying whether that harm must be suffered by the plaintiff or a third party. Moreover, other courts have held that the economic-loss doctrine does not apply to such a claim. *See, e.g.*, *Miller v. U.S. Steel Corp.*, 902 F.2d 573, 575 (7th Cir. 1990) (noting that application of economic-loss doctrine to contribution claim would result in injured party "fall[ing] between the stools of tort and contract"); *Trinity Lutheran Church v. Dorschner Excavating, Inc.*, 710 N.W.2d 680, 686 (holding that economic-loss doctrine did not bar claim for contribution); *but see Equity Builders & Contractors, Inc. v. Russell*, 406 F. Supp. 2d 882, 892 (N.D. Ill. 2005) (holding that economic-loss doctrine barred claim for contribution).

The general language of the Restatement suggests that a contribution claim should be allowed even where the harm was not suffered by the plaintiff directly. The Court is thus not convinced that, at this juncture, the economic-loss doctrine bars this claim.

---

paid . . . in excess of the [plaintiff]'s comparative share of responsibility." RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIAB. § 23(b) (2000).

The Court must thus consider whether Paradise Lumber's allegations are sufficient to make out a claim for contribution. Paradise Lumber alleges that "[GSWP] treated and sold defective wood products to [Paradise Lumber], which [Paradise Lumber] in turn sold to its customers." (Compl. ¶ 76.) It further alleges that "To the extent [Paradise Lumber] is not entitled to indemnity from [GSWP], [Paradise Lumber] seeks contribution from [GSWP] for damages it sustained in settling customer claims." (Compl. ¶ 77.) Reading these allegations in the light most favorable to Paradise Lumber, they assert that GSWP is jointly liable for a harm--namely, the harm visited upon Paradise Lumber's customers by GSWP's improper treating of lumber and the selling of defective lumber. Paradise Lumber has also asserted that it has discharged its liability for this harm, by "settling customer claims." (Compl. ¶ 77.) These allegations, as a whole, are sufficient to make out a claim for contribution. *See* RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT LIAB. § 23 (2000). Accordingly, the Court will reject the Magistrate Judge's recommendation with respect to Count Six.

An appropriate order follows.

S\_____
Curtis V. Gómez
Chief Judge