IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WHITECAP INVESTMENT CORP. d/b/a PARADISE LUMBER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil No. 2010-139<br>)<br>) |
| PUTNAM LUMBER & EXPORT CO., PUTNAM FAMILY PROPERTIES, INC., GREAT SOUTHERN WOOD PRESERVING, INC., MIKE NOBLE, XYZ CORP., JOHN DOE, and JANE DOE, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Putnam Lumber & Export Company's and Putnam Family Properties, Inc.'s ("collectively, the "Putnam Entities") Motion to Amend their Cross-Claims [DE 272] against Great Southern Wood Preserving, Inc. ("Great Southern"). Great Southern opposes the motion.[1] [DE 295].

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

This action arises from the sale of lumber that allegedly decayed and rotted prematurely. Whitecap Investment Corp. d/b/a Paradise Lumber's ("Whitecap") contends the premature rot and decay was the result of Great Southern's failure to properly treat the lumber in question on behalf of the Putnam Entities, lumber wholesalers. The Putnam Entities sold the allegedly defective wood to Whitecap, which Whitecap in turn sold to its retail customers in the U.S. Virgin Islands.

---

[1] The Putnam Entities filed a reply [DE 311] to Great Southern's response in opposition. Subsequently, this Court granted [DE 328] Great Southern's motion for leave [DE 325] to file a sur-reply [DE 332].

Whitecap initiated this action on December 29, 2010, setting forth eight counts against the defendants. The first count named only the Putnam Entities, while the remaining counts named all defendants. The defendants each contested liability and on March 1, 2012, the Putnam Entities cross-claimed against Great Southern for contribution and indemnification. [DEs 62 & 64]. The Putnam Entities now seek to amend their respective cross-claims to assert a claim for breach of contract. Putnam Entities' Mot. at 1.

The Putnam Entities base their motion (1) on new information they "recently" received from a third party, Osmose, indicating "Great Southern knew that the Jesup plant, and the treated lumber being produced there, were experiencing significant problems at times relevant to this litigation," and (2) on "information in the expert report prepared by Great Southern's wood expert Craig R. McIntyre." *Id*. at 2. According to the Putnam Entities, Great Southern "actively concealed" the Osmose information "throughout the course of this litigation." The Putnam Entities claim the McIntyre report, "indicate[s] that Great Southern has known that they provided wood that was of unacceptable quality." *Id*. at 6.

Great Southern opposes the proposed amendments, claiming (1) the Putnam Entities have no basis in fact for their concealment allegation, (2) unfair prejudice, (3) the March 1, 2013 discovery deadline "operates as a de facto deadline for allowing amendments to the complaint"[2] and (4) there has been no demonstration of "the existence of any written or other contract between it and Great Southern or any other indices of contract formation." Great Southern's Resp. at 2, 7-8, 10.[3]

---

[2]     If this argument were decisive, Rule 15(b) would not provide for amendments as late as trial and even after trial.

[3]     This last contention is interesting in light of Great Southern's statement in its March 19, 2012 motion to dismiss [DE 78 at 5] that Great Southern "essentially treated certain wood products owned by the Putnam

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that a party who can no longer amend a pleading as of right can still amend by obtaining "the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("Leave to amend must generally be granted unless equitable considerations render it otherwise unjust"). Nonetheless, the policy favoring liberal amendments is not "unbounded." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). A court may deny a motion for leave to amend when certain factors are present, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] the futility of the amendment." *Id.* (alteration added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Rule 15(a)(2) places the burden to make such a showing on the party opposing the amendment." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010); *accord Jakubowski v. Fed. Emergency Mgmt. Agency*, 2013 U.S. Dist. LEXIS 43789, at *10 (D.N.J. Mar. 27, 2013) ("The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted.") (citing *Foman*, 371 U.S. at 182).

Additionally, motions to amend following the filing of a motion of summary judgment, as here, are "heavily disfavored."[4]  *Ali v. Intertek Testing Servs.*, 332 F. Supp. 2d 827, 830

---

Defendants pursuant to an agreement between those entities." Similar acknowledgements are contained in Great Southern's motion to dismiss for lack of personal jurisdiction [DE 137 at 3, 5, 9]; *see also* Ex. A, Aff. Great Southern's General Manager William L. Freeman at ¶ 4 ("Between 2004 and 2009, Great Southern treated certain wood products for Putnam Lumber & Export Company") [DE 137].

[4]     The Putnam Entities filed the instant motion one day after Great Southern filed its motion for summary judgment [DE 269].

(D.V.I. 2004) (citation omitted). Accordingly, "when a party moves to amend at this stage in the litigation, the courts in this Circuit have imposed stringent standards before granting such motions." *Id*. In particular, the motion to amend will not be granted unless the party seeking amendment "can show not only that the proposed amendment has 'substantial merit,' . . . but also come [sic] forward with 'substantial and convincing evidence' supporting the newly asserted claim." *Id*. (citations omitted). "This more demanding burden, which the party seeking amendment bears at this procedural juncture, evolves from the truism that 'prejudice to the non-moving party is the touchstone for denial of the amendment.'"[5] *Id*.

### III. DISCUSSION

As an initial matter, the Court notes the parties spend much effort in making and rebutting allegations of concealment in the discovery process. In particular, the Putnam Entities contend Great Southern "fail[ed] to produce" documents regarding the treatment of lumber at the Jesup plant and also "fail[ed] to address" the same during deposition questioning of Great Southern's corporate representative. In fact, the Putnam Entities contend that Great Southern not only den[ied]" the existence of the Jesup plant information "throughout the course of this litigation," but "deliberately" concealed the same. Putnam Entities' Mot. at 2, 6, 8-9.

The Putnam Entities accuse Great Southern of failing to respond to discovery requests served in 2011, yet in the twenty-one months that have passed since propounding these discovery requests, the Putnam Entities never filed a motion to compel or any other motion addressing this discovery issue. Further, as for Great Southern's "failure . . . to testify as to the issues at its Jesup facility or lumber produced there under deposition questioning," the Putnam Entities fail to direct

---

[5] For the reasons provided below, the Court finds the Putnam Entities have met their burden under *Ali v. Intertek Testing Services*.

the Court to Great Southern's refusal to answer questions related to such issues. Simply put, the Putnam Entities' accusations of misconduct are not borne out by the record.

**A.   Delay & Prejudice**

"Rule 15 does not establish a time restriction for amending a complaint, and motions to amend have been allowed at different stages of litigation." *Ali*, 332 F. Supp. 2d at 829.[6] This is so because "the need to amend may not appear until after discovery has been completed or testimony has been taken at trial." *Id.*   Nevertheless, while the mere passage of time by itself may be insufficient to deny a motion to amend, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (citations omitted); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) ("[P]rejudice to the non-moving party is the touchstone for the denial of the amendment."). Additionally, courts should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted).   However, no prejudice will be found where the amendment does not result in new facts requiring extensive additional discovery. *Adams*, 739 F.2d at 869. "[I]t is the opposing party's burden to prove that such prejudice will occur." *Kiser v. General Electric Corp.*, 831 F.2d 423, 427-28 (3d Cir. 1987).

It is unclear when the Putnam Entities learned of the information allegedly justifying the requested amendment. For example, the Putnam Entities do not advise as to the timing of the receipt of the information from Osmose. *See Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 289, 290 (E.D. Pa. 1992) (explaining the movant "bears the burden of proof in explaining the reasons

---

[6]   The rule itself contemplates the potential to amend even after trial. FED. R. CIV. P. 15(b).

*Whitecap Inv. Corp. d/b/a Paradise Lumber v. Putnam Lumber & Export Co. et al.*
Civil No. 2010-139
Page 6

for delay in seeking leave to amend"). The McIntyre Report is dated February 1, 2013; however, the Putnam Entities also fail to advise as to the date of their receipt of this report.

Great Southern counters that the Putnam Entities have "known of Osmose and its role in connection with the treatment process since well before the outset of the litigation," and that the "'new evidence' that Putnam now seeks to include in its Complaint was known to Putnam . . . at least no later than the deposition of Great Southern's corporate representative in September 2012," who testified as to building code issues, Osmose's knowledge of end user complaints regarding rotting and prematurely decaying wood and Great Southern's records of their investigations regarding such complaints. Great Southern's Resp. at 1, 4-6, 10.

Delay alone does not justify denying a motion to amend. *Cureton v. Nat'lCollegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Even if the Putnam Entities delayed bringing their motion, Great Southern has not shown any specific prejudice to it as a result of the delay. A fair reading of the original cross-claims, including their reference to the relationship between the Putnam Entities and Great Southern, leads to the conclusion that the proposed breach of contract claim does not advance a significantly different set of facts or theory from what was initially asserted. Further, Great Southern can hardly claim to have been surprised, as it has acknowledged having a contractual relationship with the Putnam Entities since the time the original cross-claims were filed. As such, Great Southern has not shown, and it is not evident to the Court, how the proposed amendment would result in additional discovery or cost to Great Southern, or would result in a disadvantage at trial to Great Southern.

**B.   Futility**

"Futility" in the context of Rule 15 means the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

1410, 1434 (3d Cir. 1997); *accord Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (explaining in determining whether a proposed amendment would be futile, courts apply the same standard as that applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure) (citation omitted). However, "given the liberal standard for the amendment of pleadings 'courts place a heavy burden on opponents who wish to declare a proposed amendment futile.'" *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. 2012) (quoting *Aruanno v. New Jersey*, 2009 U.S. Dist. LEXIS 2744, at *6 (D.N.J. Jan. 15, 2009)).

"To state a claim for breach of contract under Virgin Islands law, a plaintiff must allege: (1) the existence of a contract, including its essential terms; (2) the breach of a duty imposed by the contract; and (3) damages resulted from the breach." *Magras v. De Jongh*, 2013 U.S. Dist. LEXIS 25782, at *20 (D.V.I. Feb. 26, 2013)(citations omitted); *see also Rainey v. Hermon*, 55 V.I. 875, 881 (V.I. 2011) ("Under Virgin Islands law, to prove a breach of contract, a plaintiff must establish (1) an agreement, (2) a duty created by that agreement, (3) a breach of that duty, and (4) damages.") (citation and internal quotation marks omitted). Here, the Putnam Entities allege that (1) they requested, and Great Southern agreed to provide, treatment services of lumber at specific retention level, (2) Great Southern failed to provide treated lumber to the retention level requested and (3) as a result, the Putnam Entities have incurred damages.

Great Southern contends the Putnam Entities "have not even demonstrated the existence of any written or other contract between it and Great Southern or any other indices of contract formation." Great Southern's Resp. at 7. At this stage, however, the Court is limited to considering the allegations in the Putnam Entities' complaint, which states a claim for breach of contract, and not the sufficiency of the evidence.

## IV.  CONCLUSION

The premises considered, it is hereby ORDERED:

(1) Putnam Lumber & Export Company's and Putnam Family Properties, Inc.'s Motion to Amend their Cross-Claims [DE 272] is GRANTED;

(2) The Putnam Entities amended cross-claims shall each be designated the "First Amended Cross-Claim" and deemed filed as of the date of this Order; and

(3) Great Southern shall respond to the Putnam Entities' respective First Amended Cross-Claims on or before 14 days from the date of this Order.

**Dated:** May 9, 2013                              S\_____
                                                                    **RUTH MILLER**
                                                                    United States Magistrate Judge