**FOR PUBLICATION**

```
                 DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

WHITECAP INVESTMENT CORP. d/b/a/    )
PARADISE LUMBER,                    )
                                    )
          Plaintiff,                )
                                    )
          v.                        )      Civil No. 2010-139
                                    )
PUTNAM LUMBER & EXPORT COMPANY; PUTNAM)
FAMILY PROPERTIES, INC.; GREAT      )
SOUTHERN WOOD PRESERVING, INC.; MIKE )
NOBLE; XYZ CORP.; JOHN DOE; and JANE )
DOE,                                )
                                    )
          Defendants,               )
                                    )
          and                       )
                                    )
GARY CHAPIN                         )
                                    )
          Intervenor-defendant.     )
_____)
                                    )
PUTNAM FAMILY PROPERTIES, INC.,     )
                                    )
          Cross-claimant,           )
                                    )
          v.                        )
                                    )
GREAT SOUTHERN WOOD PRESERVING, INC., )
                                    )
          Cross-claim defendant.    )
_____)
                                    )
PUTNAM LUMBER & EXPORT COMPANY,     )
                                    )
          Cross-claimant,           )
                                    )
          v.                        )
                                    )
GREAT SOUTHERN WOOD PRESERVING, INC., )
                                    )
          Cross-claim defendant.    )
                                    )
```

**MIKE NOBLE,**                                   )
                                                  )
       Cross-claimant,               )
                                                  )
       v.                             )
                                                  )
**GREAT SOUTHERN WOOD PRESERVING, INC.,**         )
                                                  )
       Cross-claim defendant.         )
_____          )
                                                  )
**PUTNAM FAMILY PROPERTIES, INC.,**               )
                                                  )
       Counterclaimant,               )
                                                  )
       v.                             )
                                                  )
**WHITECAP INVESTMENT CORP. d/b/a**               )
**PARADISE LUMBER,**                              )
                                                  )
       Counterclaim defendant.)
_____          )

**ATTORNEYS:**

**Alex Moskowitz, Esq.**
Dudley, Topper & Feuerzeig
**Christopher A. Kroblin, Esq.**
**Shari N. D'Andrade, Esq.**
**Erika A. Kellerhals, Esq.**
Kellerhaals Ferguson Fletcher Kroblin LLP
St. Thomas, VI
    *For the plaintiff/counterclaim defendant Whitecap*
    *Investment Corp. d/b/a Paradise Lumber,*

**Lisa M. Kömives, Esq.**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson, Esq.**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
    *For the defendants/cross-claimaints Putnam Lumber & Export*
    *Co. and Mike Noble; and for the defendant/cross-*
    *claimant/counterclaimant Putnam Family Properties, Inc,*

**Daryl C. Barnes, Esq.**
**Sunshine Benoit, Esq.**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**Lee M. Hollis, Esq.**
**Stewart Andrew Kelly, Esq.**
Lightfoot, Franklin & White, LLC
Birmingham, AL
   *For the defendant/cross-claim defendant Great Southern Wood
   Preserving, Inc.*,

**Terri L. Griffiths, Esq.**
Terri Griffiths, Attorney at Law
Carbonadale, IL
   *For the intervenor-defendant Gary Chapin*.

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant/cross-claimant Mike Noble ("Noble") for summary judgment on all counts asserted against him in the Complaint.

### I. FACTUAL AND PROCEDURAL BACKGROUND

From in or about 2003 until in or about 2009, the defendant/cross-claim defendant Great Southern Wood Preserving, Inc. ("GSWP"), regularly sold treated lumber and provided lumber-treatment services to the defendant/counterclaimant Putnam Lumber and Export Company ("Putnam Lumber"). Putnam Lumber, a Florida corporation, is a lumber retailer. During all relevant times, Noble was a sales representative of Putnam Lumber. Noble allegedly arranged for Putnam Lumber to sell lumber to the plaintiff/counterclaim defendant Whitecap Investment Corporation, doing business as Paradise Lumber

("Paradise Lumber"). At least some of the lumber Noble sold to Putnam Lumber on behalf of Paradise Lumber was treated by GSWP.

Paradise Lumber is a lumber retailer operating in St. John, United States Virgin Islands. It sold the lumber that it purchased from Putnam Lumber to various consumers in St. John. These consumers used the lumber in their sundry buildings.

Paradise Lumber claims that the GSWP-treated lumber, allegedly sold to it by Putnam Lumber, prematurely decayed, causing damage to the buildings into which it had been incorporated. On December 29, 2010, Paradise Lumber initiated this action.

Paradise Lumber's Complaint sets forth eight counts. Count One asserts a claim of breach of contract. Count Two asserts a claim for breach of warranty. Count Three asserts a claim for negligence. Count Four asserts a claim for strict liability. Count Five asserts a claim for indemnity. Count Six asserts a claim for contribution. Count Seven asserts a claim for fraudulent inducement and misrepresentation. Count Eight asserts a claim for civil conspiracy. Noble was named as a defendant in all counts with the exception of Count One. Since the initiation of this action, the Court has dismissed Counts Three, Four, Seven, and Eight as against all defendants.

Noble now moves for summary judgment on all counts asserted against him on the ground that he cannot be held liable for

actions he took as an agent of Putnam Lumber. Paradise Lumber opposes the motion.

## II. DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, the Court draws all reasonable inferences in favor of the opposing party. *See Bd. of*

*Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

#### A. Count Two: Breach of Warranty

Noble argues that he cannot be held personally liable for actions he took as an agent of Putnam Lumber.

"Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." RESTATEMENT (THIRD) OF AGENCY § 1.01 (2006).[1]

> When an agent acting with actual or apparent authority makes a contract on behalf of a . . . principal,
>
> (1) the principal and the third party are the parties to the contract; and
>
> (2) the agent is not a party to the contract unless the agent and third party agree otherwise.

RESTATEMENT (THIRD) OF AGENCY § 6.01 (2006). An agent acts with actual authority when "the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the

---

[1] In the Virgin Islands, "[t]he rules of the common law, as expressed in the restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands . . . in the absence of local laws to the contrary." V.I. CODE ANN., tit. 1, § 4.

principal wishes the agent so to act." RESTATEMENT (THIRD) OF AGENCY § 2.01 (2006). An agent acts with apparent authority "when a third party reasonably believes the [agent] has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." RESTATEMENT (THIRD) OF AGENCY § 2.03 (2006).

Ordinarily, "an agent which was acting within the scope of its authority . . . is not liable . . . for the breach of the contract between its . . . principal and a third party, even when the breach was the result of its own wrongful act." *Leather's best, Inc. v. S.S. Mormalclynx*, 451 F.2d 800, 808 (2d Cir. 1971). An agent may only be held liable if she exceeds the scope of her authority, or the principal cannot be identified. *See* RESTATEMENT (THIRD) OF AGENCY § 6.01-03 (2006); *see also Azarchi-Steinhauser v. Protective Life Ins. Co.*, 629 F. Supp. 2d 495 (E.D. Pa. 2009) (noting that, under Restatement approach, agent is not liable if third party is aware there is some principal, even if not specifically identified, or if that party should have known a principal was involved).

In support of its motion for summary judgment, Noble relies primarily on the deposition of Brian Rourke ("Rourke"), an owner of Paradise Lumber. Rourke testified that he understood Noble to be acting as a salesperson, with the authority to act on behalf of Putnam Lumber. Further, Rourke stated that he believed the

various lumber contracts Paradise Lumber entered into were with Putnam Lumber, and not Noble. (Aug. 16, 2012, Tr. of Dep. of Rourke, Vol. I, 86:5-87:4 [hereinafter "Rourke Dep., Vol. I"].)

Paradise Lumber admits that, during the relevant time period, Noble was an agent of Putnam Lumber. Paradise Lumber does not dispute that Noble acted within his authority in selling lumber on behalf of Putnam Lumber. Further, Paradise Lumber does not dispute that it was aware that Noble was operating on behalf of Putnam Lumber.

These admissions would ordinarily be fatal to Paradise Lumber's claim for breach of warranty against Noble. As an agent, he is not a party to any contract between Paradise Lumber and Putnam Lumber and thus could not be liable for the breach of such an agreement. *See* RESTATEMENT (THIRD) OF AGENCY § 6.01. Accordingly, Noble has satisfied his burden to show that he is entitled to judgment as a matter of law.

The burden thus shifts to Paradise Lumber to show a genuine dispute of material fact. To that end, Paradise Lumber directs the Court to the deposition testimony of Rourke. Rourke testified that he "rel[ied] on [Noble's] expertise as [to] what was the appropriate treatment level." (Rourke Dep., vol. I., 103:8-20.) In particular, Rourke testified that he had several discussions with Noble about the different uses of pressure-

treated lumber, and in particular its suitability for home construction. (Rourke Dep., vol. I., 29:25-30:9; 129:17-130:9.)

Paradise Lumber also notes that Noble acknowledged having such discussions with Rourke, and that he was aware the lumber would be incorporated into residences. (Noble Dep. 11:5-19.)

This evidence has little bearing on the ultimate inquiry: the nature of Noble's relationship with Putnam Lumber. Neither Rourke nor Noble's testimony raises any suggestion that Rourke believed he was purchasing lumber from Noble directly, rather than from Putnam Lumber. Significantly, Paradise Lumber offers no evidence that might show Noble exceeded the scope of his authority by making various representations about the lumber. *See* RESTATEMENT (THIRD) OF AGENCY § 6.01-03 (2006) (providing that agent may be held liable if agent exceeds scope of authority).

Paradise Lumber also notes that on one occasion, Noble referred to himself as an "independent contractor." (Noble Dep. 11:11.) Noble did not explain what he meant by this term, aside from explaining that he was Putnam Lumber's "salesman for the Caribbean sales." (Noble Dep. 11:7.)

The fact that Noble might have been an independent contractor, as opposed to a more conventional employee, is, at best, inconclusive. As the Third Circuit has explained,

> if the employer assumes the right to control the time, manner, and method of executing the work, as distinguished from the right

> merely to require certain definite results in conformity to the contract, a master-servant agency relationship has been created. If, however, the agent is not subject to that degree of physical control, and direction by the principal, the agent is termed an independent contractor. Thus, all agents who are not servants are "independent contractors." Moreover, all non-agents who contract to do work for another are also termed "independent contractors". For example, a person who contracts to build a swimming pool for another is the latter's independent contractor. There are, then, agent independent contractors and non-agent independent contractors.

*Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1453 (3d Cir. 1994) (internal citations and quotation marks omitted). Thus, the term "independent contractor" is, at best, ambiguous. Moreover, Noble did not suggest that he understood his role at Putnam Lumber to be anything other than an agent.

Paradise Lumber further argues that summary judgment is not yet appropriate because it fears Putnam Lumber may subsequently change its position and argue that Noble was not an agent authorized to enter into the relevant contracts.

Paradise Lumber's concern is unfounded and ultimately immaterial. The Court has found that the undisputed evidence shows that Noble acted as an agent of Putnam Lumber. The fact that Putnam Lumber may or may not agree with the Court's finding does not create a genuine dispute of material fact. Paradise

Lumber has simply not identified or produced any competent evidence which might show that Noble was not, in fact, an agent of Putnam Lumber. In the absence of a dispute as to Noble's agency relationship, Noble is entitled to judgment as a matter of law with respect to Count Two of the Complaint.

**B.     Counts Five and Six**

As noted above, summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. With respect to Counts Five and Six, the Court finds that there is a genuine dispute of material fact. Accordingly, with respect to these counts, Noble's motion for summary judgment will be denied.

An appropriate order follows.

S_____<br>
**Curtis V. Gómez**<br>
**Chief Judge**