DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
WHITECAP INVESTMENT CORP. d/b/a/      )
PARADISE LUMBER,                      )
                                      )
          Plaintiff,                  )
                                      )
          v.                          )   Civil No. 2010-139
                                      )
PUTNAM LUMBER & EXPORT COMPANY; PUTNAM)
FAMILY PROPERTIES, INC.; GREAT        )
SOUTHERN WOOD PRESERVING, INC.; MIKE  )
NOBLE; XYZ CORP.; JOHN DOE; and JANE  )
DOE,                                  )
                                      )
          Defendants,                 )
                                      )
          and                         )
                                      )
GARY CHAPIN                           )
                                      )
          Intervenor-defendant.       )
                                      )
_____)
                                      )
PUTNAM FAMILY PROPERTIES, INC.,       )
                                      )
          Cross-claimant,             )
                                      )
          v.                          )
                                      )
GREAT SOUTHERN WOOD PRESERVING, INC., )
                                      )
          Cross-claim defendant.      )
_____)
                                      )
PUTNAM LUMBER & EXPORT COMPANY,       )
                                      )
          Cross-claimant,             )
                                      )
          v.                          )
                                      )
GREAT SOUTHERN WOOD PRESERVING, INC., )
                                      )
          Cross-claim defendant.      )
                                      )
_____)
```

*Whitecap Investment Corp. d/b/a Paradise Lumber v. Great So. Wood Preserving et al.*
Civil No. 2010-139
Order
Page 2

```
MIKE NOBLE,                                    )
                                               )
            Cross-claimant,                    )
                                               )
        v.                                     )
                                               )
GREAT SOUTHERN WOOD PRESERVING, INC.,          )
                                               )
            Cross-claim defendant.             )
                                               )
_____)
                                               )
PUTNAM FAMILY PROPERTIES, INC.,                )
                                               )
            Counterclaimant,                   )
                                               )
        v.                                     )
                                               )
WHITECAP INVESTMENT CORP. d/b/a                )
PARADISE LUMBER,                               )
                                               )
            Counterclaim defendant.            )
                                               )
_____)
```

**ATTORNEYS:**

**Alex Moskowitz, Esq.**
Dudley, Topper & Feuerzeig
**Christopher A. Kroblin, Esq.**
**Shari N. D'Andrade, Esq.**
**Erika A. Kellerhals, Esq.**
Kellerhaals Ferguson Fletcher Kroblin LLP
St. Thomas, VI
    *For the plaintiff/counterclaim defendant Whitecap*
    *Investment Corp. d/b/a Paradise Lumber,*

**Lisa M. Kömives, Esq.**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson, Esq.**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
    *For the defendants/cross-claimaints Putnam Lumber & Export*
    *Co. and Mike Noble; and for the defendant/cross-*
    *claimant/counterclaimant Putnam Family Properties, Inc,*

*Whitecap Investment Corp. d/b/a Paradise Lumber v. Great So. Wood Preserving et al.*
Civil No. 2010-139
Order
Page 3

**Daryl C. Barnes, Esq.**
**Sunshine S. Benoit, Esq.**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**Lee M. Hollis, Esq.**
**Stewart Andrew Kelly, Esq.**
Lightfoot, Franklin & White, LLC
Birmingham, AL
   *For the defendant/cross-claim defendant Great Southern Wood*
   *Preserving, Inc.,*

**Terri L. Griffiths, Esq.**
Lee J. Rohn and Associates
St. Croix, VI
   *For the intervenor-defendant Gary Chapin.*

## ORDER

Before the Court is the motion of Whitecap Investment Corp. d/b/a Paradise Lumber ("Paradise Lumber") which asks this Court to enforce a settlement agreement that it entered with Great Southern Wood Preserving, Inc. ("GSWP"). Paradise Lumber also asks for sanctions against GSWP.

From in or about 2003 until in or about 2009, GSWP sold treated lumber and provided lumber-treatment services to the defendant/cross-claimant Putnam Family Properties, Inc., then doing business as Putnam Lumber & Export Co. ("Putnam Family"). Putnam Family, a Florida corporation, was a lumber wholesaler. The defendant/cross-claimant Putnam Lumber & Export Co. ("Putnam Lumber"), also a Florida lumber wholesaler, is a successor of Putnam Family. The defendant/cross-claimant Mike Noble ("Noble")

was formerly a salesperson employed by Putnam Family, and now is the president and chief executive officer of Putnam Lumber.

Putnam Family allegedly sold lumber treated by GSWP to Paradise Lumber. Paradise Lumber is a lumber retailer operating in St. John, United States Virgin Islands.

Paradise Lumber claims to have sold lumber that it had purchased from Putnam Family, and which had been treated by GSWP, to various consumers in St. John. These consumers used the lumber in their sundry buildings. Paradise Lumber further claims that the GSWP-treated lumber prematurely decayed, causing damage to the buildings into which it had been incorporated.

This action was filed by Paradise Lumber on December 29, 2010.  On May 31, 2013, the parties reached a settlement agreement in this matter.  The parties reduced their agreement to a writing, which they signed. (ECF No. 414.)  The settlement agreement was docketed under seal. The agreement provided that the Court would retain jurisdiction for sixty (60) days to enforce the settlement's terms.  The parties also agreed on the record to dismissal of the claims, cross-claims, and counterclaims in this case with prejudice.  Paradise Lumber now argues that GSWP has not complied with the terms of the settlement.  Paradise Lumber asks the Court to enforce the terms

of the settlement agreement and to sanction GSWP for violating the agreement's terms.

In *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the Supreme Court of the United States addressed the extent to which a federal court retained jurisdiction over a settlement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In *Kokkonen*, the parties arrived at a settlement agreement, which they recited on the record before the district court. *Id.* at 376. Thereafter, the parties executed a stipulation and order of dismissal with prejudice, dismissing the claims in that matter. *Id.* at 376-77. The district court then signed the stipulation and order under the notation "It is so ordered." *Id.* at 377. The stipulation and order itself did not reserve jurisdiction to the district court to enforce the settlement agreement. *Id.*

Thereafter, one of the parties moved the district court to enforce the settlement agreement. *Id.* The other party opposed on the grounds that, inter alia, the district court no longer had subject-matter jurisdiction over the settlement agreement. *Id.*

The Supreme Court spoke quite clearly on the issue: a district court does not retain jurisdiction to enforce a settlement agreement after the parties jointly stipulate to

dismissal unless "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381; *see also Shaffer v. GTE North, Inc.*, 284 F.3d 500, 503-504 (3d Cir. 2002)(holding that a court retains jurisdiction over a settlement agreement where either: (1) the terms of the settlement agreement are part of the order of dismissal; or (2) when the order incorporates the settlement terms). Unless the settlement agreement is made part of a Court order, a settlement agreement is "a private agreement, of which the Court is aware, but which the Court cannot enforce." *Sanghavi Jewels, Inc. v. Shalhout*, 2012 WL 4462046 at *3 (D.V.I. 2012). A dispute over a settlement agreement, which the Court cannot enforce must be brought as a breach of contract action. *See Kokkonen*, 511 U.S. at 381 ("The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute.")

Here, the parties stipulated to dismissal on the record on May 31, 2013. The terms of the settlement agreement were not

made part of the order or dismissal. There was no provision of the Court's order retaining jurisdiction over the settlement agreement. The terms of the settlement were also not explicitly incorporated into the Court's order.

As in *Kokkonen*, the Court has no order before it that has been violated. *See generally Kokkonen*, 511 U.S. at 381. "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id.* Because no Court order here refers to the settlement agreement or reserves district court jurisdiction to enforce the settlement, the Court has neither ancillary jurisdiction nor subject-matter jurisdiction to enforce the settlement agreement. *Id.*

The premises considered, it is hereby

**ORDERED** that Paradise Lumber's motion to enforce the settlement agreement is **DENIED**.

S\_____
    **Curtis V. Gómez**
    **District Judge**